## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILHELMINA PODUNAJEC, | : | |
| | : | |
| Plaintiff, | : | No. 3:19-cv-01938 |
| | : | |
| v. | : | (Saporito, M.J.) |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant. | : | |

## <u>MEMORANDUM</u>

This is an action brought under 42 U.S.C. §405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying Wilhelmina E. Podunajec's ("Podunajec") claim for disability insurance benefits and disabled widows benefits under Title II of the Social Security Act. This matter has been referred to the undersigned United States Magistrate Judge on consent of the parties, pursuant to the provisions of 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 9; Doc. 10).

For the reasons stated herein, the Commissioner's decision will be **VACATED**, and the case will be **REMANDED** for further consideration.

## I.    *Background and Procedural History*

Podunajec is an adult individual born August 22, 1966, who was 49 years old at the time of her alleged onset date of disability—May 16, 2016. (Tr. 90). Podunajec's age at the onset date makes her a "younger person" under the Social Security Act. *See* 20 C.F.R. § 404.1563(c). Podunajec completed her GED in 2006 and has no specialized vocational training. (Tr. 68). Prior to her alleged onset date, Podunajec served as a cashier, laborer, sewing machine operator, and counter attendant. (Tr. 24, 42).

On January 6, 2017, Podunajec protectively filed for disability insurance benefits and disabled widow's benefits pursuant to Title II of the Social Security Act. (Tr. 14). In her application, Podunajec alleged that she became disabled beginning May 16, 2016, as a result of mental health issues, back issues, neck issues, fibromyalgia, osteoarthritis, allergies, and a heart condition. (Tr. 200). Podunajec's claim was initially denied on April 13, 2017. (Tr. 14). Thereafter, Podunajec filed a timely request for an administrative hearing on June 1, 2017, and it was granted. (*Id.*). Podunajec, represented by counsel, appeared and testified before ALJ, Michelle Wolfe, on August 23, 2018, in Wilkes Barre, Pennsylvania. (Tr. 14, 30). In addition, an impartial vocational expert

("VE"), Josephine Doherty appeared and testified during the administrative hearing. (Tr. 14). At the time of the hearing, Podunajec was 52 years old and resided with her boyfriend in Wilkes-Barre, Pennsylvania, which is in the Middle District of Pennsylvania. (Tr. 37).

In a written decision dated November 14, 2018, the ALJ denied Podunajec's application for benefits. (Tr. 11). Podunajec sought further review of her claims by the Appeals Council of the Office of Disability Adjudication and Review, but her request was denied for review on September 18, 2019. (Tr. 1). Podunajec subsequently filed an appeal to this Court on November 11, 2019, arguing that the ALJ's decision was not supported by substantial evidence. (Doc. 1). On January 15, 2019, the Commissioner filed his answer, in which he maintains that the ALJ's decision was correct and in accordance with the law and regulations. (Doc. 7, at 3). This matter has been fully briefed by the parties and is ripe for decision. (Doc. 11, Doc. 14, Doc. 15).

On this score, Podunajec's treatment history discloses that she suffers from a number of physical and mental impairments, including back and neck issues, osteoarthritis, fibromyalgia, depression, and anxiety. (Tr. 200, 221, 236). Specifically, Podunajec reported and testified

that she had neck surgery, but continued to experience headaches and numbness in her hands. (Tr. 236). Podunajec also indicated that she had degenerative discs in her lower back that cause muscle spasms and pain. (Tr. 221). Further, Podunajec reported that she always feels tired and she has pain everywhere, including her neck, back, legs, and hands. (Tr. 229-230). Due to her conditions and symptoms, Podunajec stated that she has a number of limitations, some of which involve lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, concentrating, and using her hands. (Tr. 243).

In May 2014, diagnostic images of her cervical spine demonstrated hypertrophic degenerative changes at the levels of C5-C6 and C6-C7. (Tr. 492). Additional images of Podunajec's cervical spine in May 2014, revealed C6-C7 spondylosis with moderate canal narrowing and mass effect on the ventral cord. (Tr. 496). As a result, Podunajec underwent an anterior cervical discectomy and fusion at C5-C6 and C6-C7. (Tr. 514). Despite surgery, Podunajec reported increasing neck pain with numbness and tingling in her hands, and back pain radiating down her leg with numbness and tingling in her feet. (Tr. 391, 354, 470). Additionally, physical examination revealed cervical tenderness and

reduced cervical range of motion; and tenderness over the sciatic joints. (Tr. 391, 456, 477). Moreover, upon examination, Podunajec's treating physicians noted reduced lumbar spine range of motion, muscle spasms, and spinal muscle tenderness. (Tr. 456).

To treat her conditions, Podunajec was prescribed medications; she received injections; she obtained chiropractic care; she attended physical therapy; and while she used a cane, the medical record contains no evidentiary support establishing that her use of a cane is medically necessary. (Tr. 355-56, 391, 576, 611, 618). Additionally, the medical record reflects that Podunajec had good posture and walked with a normal, non-antalgic gait with no ataxia. (Tr. 355). Upon examination Podunajec had no edema, erythema, or ecchymosis; and she had a decent spine range of motion, and full upper and lower extremities range of motion. (Tr. 391). Additionally, the medical record demonstrated that Podunajec had no lumbar spine deformities with normal lordosis; no paraspinal muscle tenderness or tenderness over the sciatic joints; her straight leg raising tests were negative; she had 5/5 strength; and in February 2017, her diagnostic images of her cervical spine showed no instability or change in instrumentation or loosening. (Tr. 355-56, 391,

472-73, 640, 556).

State agency medical consultant, Dr. Robert Mogul ("Dr. Mogul") reviewed the medical record in assessing the limitations of Podunajec's medical conditions. Dr. Mogul opined that Podunajec was capable of performing light work, with the following limitations: she could occasionally lift and/or carry 20 pounds; she could frequently carry and/or lift ten pounds; she could sit for approximately six hours in an eight-hour workday; she could frequently climb stairs, balance, stoop, kneel, and crouch; and she could occasionally climb ladders and crawl. (Tr. 96-97). Lastly, Dr. Mogul opined that Podunajec should avoid concentrated exposure to hazards, such as machinery and heights. (Tr. 98).

As for her mental health impairments, the medical record reflects that Podunajec was diagnosed with other specified depressive disorder and anxiety associated with depression. (Tr. 330, 468). However, Podunajec's mental status examinations revealed that she had normal mood and affect; she had intact and adequate concentration and attending skills; she had good insight and judgment; she had coherent thought processes; she was oriented to person, place, and time; she was friendly and cooperative; and she denied suicidal ideations. (Tr. 330-31,

356, 467, 945, 952).

Podunajec was examined by Dr. John Rohar ("Dr. Rohar"), State agency psychological consultant. (Tr. 99-100). Dr. Rohar opined that Podunajec was able to meet the basic demands to complete one to two step tasks on a sustained basis despite the limitations resulting from her impairment. (Tr. 100). Dr. Rohar further opined that Podunajec could understand, retain, and follow simple job instructions, (i.e. perform and follow one and two step tasks and instructions). (*Id.*).

## II. *Legal Standards*

When reviewing the denial of disability benefits, the Court's review is limited to determining whether those findings are supported by substantial evidence in the administrative record. *See* 42 U.S.C. § 405(g) (sentence five); *Id.* § 1383(c)(3); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). The question before the Court, therefore, is not whether the claimant is disabled, but whether the Commissioner's finding that he or she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence.") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the

status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

To receive disability benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Id.* § 1382c(a)(3)(A); *see also* 20 C.F.R. § 404.1505(a); *Id.* § 416.905(a). To satisfy this requirement, a claimant must have a severe physical or mental impairment[1] that makes it impossible to do his or her previous work or any other substantial gainful activity[2] that exists in the national economy. 42 U.S.C. § 423(d)(2)(A); *Id.* § 1382c(a)(3)(B); 20 C.F.R. § 404.1505(a); *Id.* § 416.905(a).

_____

[1] A "physical or mental impairment" is an impairment resulting from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); *Id.* § 1382c(a)(3)(D).

[2] "Substantial gainful activity" is work that (1) involves performing significant or productive physical or mental duties, and (2) is done (or intended) for pay or profit. 20 C.F.R. § 404.1510; *id.* § 416.910.

The Commissioner follows a five-step sequential evaluation process in determining whether a claimant is disabled under the Social Security Act. 20 C.F.R. § 404.1520(a); *Id.* § 416.920(a). Under this process, the Commissioner must determine, in sequence: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment;[3] (4) whether the claimant is able to do past relevant work, considering his or her residual functional capacity ("RFC");[4] and (5) whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience. *Id.* § 404.1520(a); *Id.* § 416.920(a). The claimant bears the initial burden of demonstrating a medically determinable impairment that prevents him or her from doing past relevant work. 42 U.S.C. § 423(d)(5); *Id.*

---

[3] An extensive list of impairments that warrant a finding of disability based solely on medical criteria, without considering vocational criteria, is set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1.

[4] "Residual functional capacity" is the most a claimant can do in a work setting despite the physical and mental limitations of his or her impairment(s) and any related symptoms (e.g., pain). 20 C.F.R. § 404.1545(a)(1); *id.* § 416.945(a)(1). In assessing a claimant's RFC, the Commissioner considers all medically determinable impairments, including those that are not severe. *Id.* § 404.1545(a)(2); *id.* § 416.945(a)(2).

§ 1382c(a)(3)(H)(i); 20 C.F.R. § 404.1512; *Id.* § 416.912; *Mason*, 994 F.2d at 1064. Once the claimant has established at step four that he or she cannot do past relevant work, the burden then shifts to the Commissioner at step five to show that jobs exist in significant numbers in the national economy that the claimant could perform consistent with his or her RFC, age, education, and past work experience. 20 C.F.R. § 404.1512(f); *Id.* § 416.912(f); *Mason*, 994 F.2d at 1064.

## III.  *Discussion*

In her November 2018 decision, denying Podunajec's claim for benefits, the ALJ evaluated Podunajec's application for benefits at each step of the sequential process. The ALJ also evaluated Podunajec's claim for disabled widows' benefits pursuant to section 202(e) of the Social Security Act. (Tr. 17). Specifically, the ALJ noted that it was previously found that Podunajec was the married widow of a deceased insured worker and had attained the age 50. (*Id.*). As such, Podunajec met the non-disability requirements for disabled widows' benefits set forth under section 202(e) of the Social Security Act. (*Id.*). The prescribed period, however, would end on November 30, 2018. (*Id.*)

Additionally, in that decision, the ALJ concluded that Podunajec

met the insured status requirements of the Social Security Act through September 30, 2018. (*Id*.). At step one, the ALJ concluded that Podunajec had not engaged in substantial gainful activity since May 16, 2016—her alleged onset date. (*Id*.). At step two, the ALJ found that the following impairments were medically determinable and severe during the relevant period: cervical degenerative disc disease status post fusion, lumbar degenerative disc disease, fibromyalgia, depressive disorder, and anxiety. (*Id*.).

At step three, the ALJ found that Podunajec did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, during the relevant period. (Tr. 19-21). Between steps three and four, the ALJ fashioned an RFC considering Podunajec's limitations from her impairments:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform light work as defined in 20 C.F.R. 404.1567(b) except [Podunajec] requires the option to transfer positions from sitting to standing at one-hour intervals without being off-task when transferring. [Podunajec] can occasionally balance, stoop, crouch, kneel, and climb, but never on ladders, ropes, or scaffolds. [Podunajec] can never crawl. [Podunajec] can occasionally push and pull with her upper and lower extremities. [Podunajec] must avoid concentrated exposure to

temperature extremes of cold and heat, humidity, vibrations, and hazards including moving machinery and unprotected heights. [Podunajec] can do simple, routine tasks, but no complex tasks.

(Tr. 21).

At step four, the ALJ found that Podunajec was able to perform her past relevant work. (Tr. 24). Thus, the ALJ concluded that Podunajec was not under a disability as defined under the Social Security Act from May 16, 2016, through the date of this decision. (Tr. 25).

Podunajec contends that the decision of the ALJ is not supported by substantial evidence of record and raises one issue on appeal. We shall address this argument below.

## A. The ALJ's Failure to Include the Limitation to "One and Two Step Tasks" in the RFC is Not Harmless Error

On appeal, Podunajec's challenges the ALJ's RFC assessment, hypothetical question(s) to the vocational expert, and step four findings. (Doc. 11, at 6-10). Specifically, Podunajec argues that the ALJ failed to include a limitation to one and two step tasks within the RFC, despite affording great weight to Dr. Rohar's opinion containing a limitation to one and two step tasks. (Doc. 11, at 6-10; Doc. 15, at 2). Podunajec contends that this error requires remand based on a number of analogous

cases from this Court. Particularly, Podunajec asserts that this Court has consistently ruled that an ALJ has committed error where, although the ALJ has limited the claimant to simple routine tasks, the ALJ failed to include, or to provide an adequate explanation as to why he or she excluded, the restriction to one and two step tasks. (Doc. 11, at 7). Podunajec further contends that this Court has found that this distinction could potentially impact a vocational expert's testimony and the ALJ's ultimate conclusion which is error that is not harmless. (Doc. 11, at 7-10).

In response, the Commissioner argues that the ALJ appropriately determined that Podunajec could perform past relevant work as a bakery counter attendant. (Doc. 14, at 10). The Commissioner further contends that there is no meaningful distinction between an RFC for simple, routine tasks and an RFC for one and two step tasks. (*Id.*). The Commissioner asserts that even assuming there was a meaningful distinction between the two above RFC descriptors, any error would be harmless because the ALJ concluded that Podunajec was capable of performing her past relevant work. (Doc. 14, at 11).

In this case, the ALJ afforded great weight to the opinion of State

agency psychological consultant, Dr. Rohar. (Tr. 24). Dr. Rohar opined:

> All evidence was considered and the claimant's statements are found partially credible. The claimant is able to meet the basic mental demands to complete 1-2 step tasks on a sustained basis despite the limitations resulting from his/her impairment. The claimant can understand, retain, and follow simple job instructions (i.e., perform/follow one and two step tasks/instructions).

(Tr. 100). In affording great weight to Dr. Rohar's opinion, the ALJ found that it was consistent with and well-supported by the record evidence, including Podunajec's mental status examinations. (Tr. 24). Subsequently, based on the ALJ's review of the entire medical record, including Dr. Rohar's opinion, the ALJ confined Podunajec to a limited range of light work, and incorporated additional limitations to address her medical impairments. (Tr. 21). Specifically, the ALJ found:

> [Podunajec] has the [RFC] to perform light work as defined in 20 C.F.R. 404.1567(b) except the claimant requires the option to transfer positions from sitting to standing at one-hour intervals without being off task when transferring. [Podunajec] can occasionally balance, stoop, crouch, kneel, and climb, but never on ladders, ropes, or scaffolds. [Podunajec] can never crawl. [Podunajec] can occasionally push and pull with her upper and lower extremities. [Podunajec] must avoid concentrated exposure to temperature extremes of cold and heat, humidity, vibrations, and hazards including moving machinery and unprotected heights. [Podunajec] can do simple, routine tasks, but no complex tasks.

(Tr. 21). Despite affording great weight to Dr. Rohar's opinion, the RFC crafted by the ALJ does not include the limitation to one and two step tasks opined by Dr. Rohar.

On this issue, Podunajec argues that the ALJ's failure to include the limitation to one and two step tasks in the RFC requires remand, consistent with analogous cases from this Court. (Doc. 11, at 6). The Commissioner argues that there is no meaningful distinction between an RFC for simple, routine tasks and an RFC for one and two step tasks. The Commissioner further contends that there is no consensus within the Middle District of Pennsylvania on this particular point, and several in-district cases are consistent with the agency's position. We disagree.

The Commissioner is correct in his assertion that the distinction between an RFC for simple, routine tasks and one and two step tasks is an unsettled issue in the Third Circuit. However, this Court has consistently found a basis for remand, where although the ALJ limited claimant to simple, routine tasks, the ALJ failed to include, or to provide an adequate explanation as to why she decided to exclude, a limitation to one and two step tasks. *See Hurrey v. Colvin*, 1:14-CV-02408, slip op. at 19-21 (M.D. Pa. Jan. 28, 2016); *see also Beltran v. Berryhill*, 3:17-CV-

- 16 -

00715, slip op. at 2-3 (M.D. Pa. Feb. 20, 2018).

The Commissioner argues that this error is harmless because the ALJ found that Podunajec was capable of performing her past relevant work regardless of which limitation applied. (Doc. 14, at 11). The Court is not persuaded by the Commissioner's argument as to this issue. As similarly held in *Beltran* and *Hurrey*, we find that the distinction between "simple" and "one and two step" tasks could potentially impact a vocational expert's testimony and the ALJ's ultimate conclusion in this case. S*ee Beltran v. Berryhill*, 3:17-CV-00715, slip op. at 2-3 (M.D. Pa. Feb. 20, 2018); *see also Hurrey v. Colvin*, 1:14-CV-02408, slip op. at 19-21 (M.D. Pa. Jan. 28, 2016).

Here, the ALJ afforded great weight to Dr. Rohar's opinion that "[Podunajec] is able to meet the basic mental demands to complete 1-2 step tasks on a sustained basis . . . [t]he claimant can understand, retain, and follow simple job instructions (i.e. perform/follow one and two step tasks/instructions)." (Tr. 100). The ALJ, however, limited Podunajec to "simple, routine tasks, but no complex tasks," without specifying that she be limited to only one and two tasks or instructions as opined by Dr. Rohar. (Tr. 24, 64-67). It is possible, that Podunajec's past relevant work

as a counter attendant could involve tasks or instructions that, while simple, may be more than one or two steps. For this reason, the Court finds that there is a significant difference between an RFC limitation to one and two step tasks and an RFC limitation to simple, routine tasks. *See Beltran v. Berryhill*, 3:17-CV-00715, slip. op. at 2-3(M.D. Pa. Feb. 20, 2018); *see also Harden v. Comm'r of Soc. Sec.*, No. 13-906, 2014 WL 4792294, at *3-5 (W.D. Pa. Sept. 24, 2014); *McGriff v. Colvin*, No. 3:16-CV-911, 2017 WL 3142336, at *3 (D. Conn. Jul. 25, 2017). Therefore, the Court finds that the ALJ's error as to this issue is grounds for a remand.

Additionally, the Court finds that the ALJ erred in her failure to explain why she rejected the limitation to one and two step tasks found by Dr. Rohar, especially in light of her conclusion that his opinion was entitled to great weight. Particularly, in the Mental Residual Functional Capacity Assessment Form completed by Dr. Rohar, he opined three times that "[Podunajec] can understand, retain, and follow simple job instructions (i.e., perform/follow one and two step tasks/instructions). (Tr. 98-100). However, the ALJ failed to include the limitation to one and two step tasks in the RFC or explain her rationale for rejecting this limitation, all while assigning great weight to Dr. Rohar's opinion. (Tr.

- 18 -

17-25). The contradiction of ignoring certain aspects of Dr. Rohar's findings, and giving some weight or great weight to other aspects of his findings must be explained. *See Evanitus v. Berryhill*, 3:16-CV-845, slip op. at 22-25 (M.D. Pa. Feb. 28, 2018).

The Court is not suggesting that the ALJ was not bound by Dr. Rohar's opinion concerning Podunajec's limitations, and the ALJ, by no means, was required to adopt all of the limitations found by Dr. Rohar. However, the ALJ was required to explain her basis for choosing to attribute a portion of Dr. Rohar's opinion while rejecting other portions of his opinion. Therefore, in the absence of an adequate explanation, the Court cannot determine if this probative evidence was credited or simply ignored.

Lastly, the Commissioner argues that any distinction found between the two above RFC descriptors constitutes harmless error because the ALJ concluded that Podunajec was capable of performing her past relevant work. (Doc. 14, at 17-23). The Court finds, however, that this error cannot be considered harmless and remand is warranted. The RFC in this case undermines the confidence that we have in the accuracy of the vocational expert's testimony and the ALJ's step four

determination that Podunajec can perform her past relevant work. In this case, the ALJ relied on the hypothetical question(s) that Podunajec was capable of performing simple, routine tasks, but no complex tasks, without specifying that Podunajec be limited to only one and two step tasks. (Tr. 65). The Third Circuit Court of Appeals has consistently held that the hypothetical question posed to the vocational expert must include all of a claimant's functional limitations which are supported by the record. *Ramirez v. Barnhart*, 372 F.3d 546, 533-55 (3d Cir. 2004); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987); *Podedworny v. Harris*, 745 F.2d 210, 218 (3d Cir. 1984). Thus, if an ALJ posited a hypothetical question to a vocational expert that fails to reflect "all of a claimant's impairments that are supported by the record[,] . . . it cannot be considered substantial evidence." *Ramirez*, 372 F.3d at 553-55(quoting *Chrupcala*, 829 F.2d at 1276 (3d Cir. 1987).

Accordingly, for the reasons stated above, we find that the ALJ's decision is not supported by substantial evidence. Thus, the decision of the Commissioner of Social Security  will be **VACATED** and this case will be **REMANDED** for further proceedings consistent with this Memorandum.

An appropriate Order follows.

Dated: December 11, 2020                    ***s/Joseph F. Saporito, Jr.***
                                            JOSEPH F. SAPORITO, JR.
                                            United States Magistrate Judge